**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN KASEL; Y. G. ARIAS,

      Plaintiffs-Appellants,

v.

BROTHERHOOD OF LOCOMOTIVE
ENGINEERS, an unincorporated labor
organization; LOCAL UNION NO.
103 BROTHERHOOD OF
LOCOMOTIVE ENGINEERS, an
unincorporated labor organization;
LOCAL UNION NO. 451
BROTHERHOOD OF LOCOMOTIVE
ENGINEERS, an unincorporated labor
organization; DIVISION 29
BROTHERHOOD OF LOCOMOTIVE
ENGINEERS, an unincorporated labor
organization; UNION PACIFIC
RAILROAD COMPANY, a Delaware
corporation; and JOHN DOES 1-10,
individuals,

      Defendants-Appellees.

No. 01-1088
(D.C. No. 99-M-859)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **GIBSON**[**], and **PORFILIO**, Circuit Judges.

_____

Plaintiffs-Appellants John Kasel and Y.G. Arias are engineers with Union Pacific Railroad Company ("UP") and members of the Brotherhood of Locomotive Engineers ("BLE") who were displaced as a result of the UP-Southern Pacific merger. They have brought claims for breach of contract and promissory estoppel against UP and claims for breach of the duty of fair representation against BLE. Appellants claim that UP violated a commitment made to the BLE negotiators that Appellants would keep the new Long Pool turns to which they were assigned after the merger unless there was a significant decrease in business. Appellants also contend that UP violated commitments that their vacation rights would be recognized based on their pre-merger seniority, and that they would be entitled to bump to Fireman positions in the event that they were displaced from their Long Pool positions.

The district court ruled that it lacked jurisdiction over Appellants' claims against UP because the claims were subject to mandatory arbitration pursuant to the New York Dock conditions agreed to by UP when it sought the Surface Transportation Board's approval of the merger. See New York Dock Ry.-Control-Brooklyn Eastern Dist., 360 I.C.C. 60, 84-90 (1979). The district court also ruled

_____

[**] Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

that Appellants' claims against BLE were time-barred, and that the record did not support a finding that BLE breached its duty of fair representation. Accordingly, the district court granted summary judgment to UP and BLE and dismissed Appellants' suit.

Appellants challenge each of the district court's rulings. After reviewing the briefs and record in this case, we agree with the district court's conclusions. For substantially the reasons set forth in the district court's opinion, we AFFIRM.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge